Skelly v New York City Health & Hosps. Corp. (2018 NY Slip Op 03329)





Skelly v New York City Health & Hosps. Corp.


2018 NY Slip Op 03329


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6491 22361/16E

[*1]Michael Skelly, Plaintiff-Appellant,
v
New York City Health & Hospitals Corporation, et al., Defendants-Respondents.


Filosa Law Firm, PLLC, New York (Gregory N. Filosa of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 19, 2016, which granted defendants' CPLR 3211 (a)(7) motion to dismiss plaintiff's complaint alleging violation of Labor Law § 741, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Michael Skelly, a former attending physician in Lincoln Hospital's Department of Infectious Diseases, alleges that he was terminated from his position in retaliation for his objection to or refusal to comply with defendants' alleged policy or practice of not testing the residential drinking water of patients diagnosed with Legionnaire's disease for the Legionella bacteria during an outbreak of the disease in the summer of 2015 (Labor Law § 741[2][b]). He disagrees with the public position taken by the New York City Department of Health and Mental Hygiene that the bacteria was found only in cooling towers and not in residential drinking water, and reasonably believes that the practice of not testing the residential drinking water of the patients constituted "improper quality of patient care."
Plaintiff has sufficiently pleaded the notice requirement set forth in Labor Law § 741(3). Under that provision, an employee may not bring an action "unless the employee has brought the improper quality of patient care to the attention of a supervisor and has afforded the employer a reasonable opportunity to correct such activity, policy or practice" (Labor Law § 741[3]). Although the statutory language expressly contemplates an affirmative act of objection to a policy or practice, strict compliance with the requirement here "would not serve the purpose of the statute" (Tipaldo v Lynn, 26 NY3d 204, 212 [2015]). In view of the allegations that plaintiff's supervisors had directed him to stop testing residential drinking water of the patients, and to not associate himself with the hospital if he insisted on continuing to do so, any express objections to the practice or policy would have been futile. Further, the fact that plaintiff insisted on testing the water despite directives to stop shows that his supervisors were aware, and therefore had notice, of his objection.
Defendants argue, in the alternative, that plaintiff cannot show that their alleged policy or practice of not testing residential drinking water constituted "improper quality of patient care." They contend that because they had no authority to test the patients' residential drinking water — a responsibility that was entrusted to the Department of Health and Mental Hygiene under the New York City Charter — their failure to engage in such testing cannot constitute "improper quality of patient care." However, dismissal on this ground would be premature at this juncture. Even if it is true that the Department of Health and Mental Hygiene is responsible for testing the City's drinking water, such does not necessarily mean that defendants have no separate and independent obligation to do so. Discovery should be allowed to proceed on this point. Further, the complaint has sufficiently pleaded the requirements of Labor Law §§ 741(2)(b) and 741(1)(d), as the allegations show that defendants engaged in a policy or practice of not testing [*2]residential drinking water of patients diagnosed with Legionnaire's disease, that plaintiff had objected to or refused to participate in such policy or practice, and that he reasonably believed the policy or practice may present a substantial and specific danger to public health or safety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK